UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JULIA MARITZA PAZ** | **CIVIL ACTION NO. 01-2693** |
| **LIONEL PAZ** | |
| *Individually and o/b/o* | **JUDGE HAIK** |
| *their minor children* | |
| | **MAGISTRATE JUDGE METHVIN** |
| **VS.** | |
| **OUR LADY OF LOURDES** | |
| **REGIONAL MEDICAL CTR., INC.** | |
| **LAWRENCE I. RUSSELL** | |

*RULING ON MOTION TO RULE 26 DEPOSITION FEES*
*(Rec. Doc. 352)*

Before the court is the plaintiffs' motion to recover Rule 26 deposition fees filed on November 26, 2007.[1]  Respondents, Our Lady of Lourdes Regional Medical Ctr., Inc. and Dr. Lawrence Russell, oppose the motion.[2]  For the following reasons, the motion is **DENIED**.

*Background*

This diversity action was brought by plaintiffs to recover damages allegedly resulting from the unnecessary irradiation of Julia Paz's neck.  Judge Haik conducted a jury trial in this matter which concluded on May 30, 2006.  On the fourth day of the trial, May 25, 2006, Judge Haik granted Dr. Luis Meza and Lammico Ins. Co.'s motion for judgment as a matter of law.[3]  After consultation with counsel and considering all the positions presented, Judge Haik

---

[1] Rec. Doc. 352.

[2] Rec. Doc. 354.

[3] Rec. Doc. 316.  Plaintiffs originally named Lourdes, Dr. Meza, Lammico Ins. Co., Romagosa Radiation Oncology Center, Dr. Andrew Harwood, Dr. Thomas Noell, Dr. Richard Russell, Chubb Ins. Co. and Dennis Vitrella.  In an amended pleading, plaintiffs substituted Dr. Lawrence Russell for Richard Russell, and Federal Ins. Co. for Chubb.  Federal Ins. Co. was dismissed on February 23, 2005 (Rec. Doc. 234).  Dr. Noel, Dr. Harwood, and the Romagosa Center were voluntarily dismissed on January 5, 2006 (Rec. Doc. 278).

2

decided to leave Dr. Meza on the jury verdict form. At the conclusion of the trial, the jury awarded plaintiffs a total of $200,000, finding Dr. Meza to be 50% at fault, Lourdes to be 45% at fault, and Dr. Russell to be 5% at fault.

The court's judgment was entered on November 20, 2007, in favor of plaintiffs and against Lourdes and Dr. Russell.[4] In accordance with his previous ruling, Judge Haik found that Dr. Meza was not at fault in causing plaintiffs' damages. Judge Haik further found that Lourdes was 95% at fault and Dr. Russell was 5% at fault.

Lourdes and Dr. Russell filed a motion for judgment notwithstanding the verdict and/or motion for new trial on November 21, 2007.[5] On December 11, 2007, they filed a notice of appeal as to the court's November 20, 2007 judgment.[6] On February 6, 2008, Judge Haik granted in part and denied in part the motion for judgment notwithstanding the verdict and/or motion for new trial filed by Lourdes and Dr. Russell.[7] The court ruled that Lourdes was liable to plaintiffs for 45% of the total verdict, or $90,000, and Dr. Russell was liable to plaintiffs for 5%, or $10,000.

On February 11, 2008, plaintiffs filed a motion to vacate Judge Haik's February 6, 2008 ruling.[8] Plaintiff's motion was denied on May 12, 2008.[9] Plaintiffs filed a motion for

---

[4] Rec. Doc. 349.

[5] Rec. Doc. 350.

[6] Rec. Doc. 357. The appeal remains pending.

[7] Rec. Doc. 361.

[8] Rec. Doc. 362.

[9] Rec. Doc. 373.

3

reconsideration on May 19, 2008 which the court denied on June 4, 2008.[10]

### *Findings and Conclusions of Law*

Plaintiffs seek to recover $3,750.00 from Lourdes and Dr. Russell for the time spent by plaintiffs' expert witness, Dr. Mark Mandelkern, preparing for his deposition, noticed by Dr. Andrew Harwood and Romagosa Radiology Clinic for January 17, 2005.  Dr. Mandelkern testified at trial on May 23, 2006.[11]  Plaintiffs allege that Dr. Mandelkern spent 12.5 hours preparing for the deposition at $300.00 per hour.[12]

Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under Title 28 U.S.C. §§ 1821 and 1920. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 332 (5th Cir. 1995).  Rule 26(b)(4), upon which plaintiffs rely, offers an independent basis for recovery of expert fees as part of discovery.  Id.  Rule 26(b)(4)(C)(I) provides that, unless manifest injustice would result, courts shall require that the party seeking discovery pay the expert a reasonable fee for the time spent responding to discovery.[13]  Compensating an expert for

---

[10] Rec. Docs. 374, 377.

[11] Rec. Doc. 320.

[12] Plaintiffs also allege that he spent additional time for discussion with the court reporter to clarify spellings of medical terms.  Plaintiffs do not seek recovery for this amount.

[13] Rule 26(b)(4) provides:

(A) Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain

4

his deposition time is mandatory under Rule 26(b)(4)(C)(I), because it would be unfair to require one party to subsidize discovery for the opposing party. Royal Maccabees Life Ins. Co. v. Malachinski, 2000 WL 1377111, 5 (N.D. Ill. 2000) (citation omitted). The mandatory nature of this Rule is tempered by two limitations: 1) the costs may not be imposed if doing so would result in manifest injustice; and 2) the expert's fee must be reasonable. Id. (footnote, citation omitted).

Respondents argue that the rule does not allow for recovery of the time spent in preparing for the deposition, citing 3M Co. v. Kanbar, 2007 WL 2972921, 3 (N. D. Cal. 2007). In Kanbar, 3M sought recovery from a defendant, Rollit, LLC, for the time 3M's expert prepared for his deposition. The court refused recovery of the cost of the witness's deposition preparation time because the case was not "especially complex," the expert's deposition took a "modest" 2½ hours and there were no extenuating circumstances. A Utah state appellate court has addressed the Utah rule, which is identical to the federal rule. The court reviewed federal jurisprudence on the issue because there was little state jurisprudence. It concluded that the federal courts interpreting the rule are split on the issue, with a "slim majority," allowing recovery, as long as the recovered fees are reasonable. Moore v. Smith, 158 P.3d 562, 575 -576 (Utah App. 2007).

---

facts or opinions on the same subject by other means.

*(C) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:*

(i) *pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)*; and

(ii) *for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.*

Fed.R.Civ.P. 26(b)(4), emphasis added.

5

In the instant case, it is unnecessary to address whether an award should be made for Dr. Mandelkern's deposition preparation because the plaintiffs' motion fails on two bases: First, the rule requires the court to assess the party *seeking the discovery*, which in this case is Dr. Harwood and the Romagosa Radiology Clinic.[14]  Plaintiffs filed a motion for voluntary dismissal of Dr. Harwood and the Clinic on September 30, 2005 which was granted on January 5, 2006.[15]  Plaintiffs suggest that, because Lourdes and Dr. Russell participated in the deposition, they should be assessed for his preparation time.  Plaintiffs cite no jurisprudence to support their request, and the undersigned has found none.  The rule expressly provides recovery from the party *seeking* the discovery.  Moreover, the rule does not include any provision for spreading the fee assessment among all of the parties who attend the deposition.  The undersigned finds, therefore, that respondents should not be assessed as they did not notice the deposition.

Secondly, the party seeking reimbursement of deposition fees bears the burden of proving reasonableness.  New York v. Solvent Chemical Co., Inc., 210 F.R.D. 462, 468 (W.D.N.Y.2002).  Plaintiffs seek recoupment of the fees in a conclusory fashion.  They have not offered any evidentiary support, either by itemized statement or invoice.  They have also failed to support their motion with any information regarding (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the

---

[14] Respondents have submitted a copy of the Notice issued by Dr. Harwood and Romagosa Radiology Clinic.  Rec. Doc. 354-2.

[15] Rec. Docs. 261, 278.  Dr. Harwood was on the jury verdict form; however, the jury found that he was not at fault.  *See* Judgment, Rec. Doc. 349.

6

discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *See* Id.  The undersigned, therefore, finds that plaintiffs have not carried their burden of proving reasonableness.

Considering the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion to assess expert witness fees is **DENIED.**

Signed at Lafayette, Louisiana, on July 1, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)