# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JULIA MARITZA PAZ** <br> **LIONEL PAZ** <br> *Individually and o/b/o* <br> *their minor children* <br><br> VS. <br><br> **OUR LADY OF LOURDES** <br>   **REGIONAL MEDICAL CTR., INC.** <br> **LAWRENCE I. RUSSELL** | **CIVIL ACTION NO. 01-2693** <br><br> **JUDGE HAIK** <br><br> **MAGISTRATE JUDGE METHVIN** |

### *RULING ON MOTION TO RECONSIDER*
### *(Rec. Doc. 352)*

Before the court is the plaintiffs' motion to reconsider the court's ruling denying their motion to recover Rule 26 deposition fees filed on July 16, 2008 (Rec. Doc. 403). Respondents, Our Lady of Lourdes Regional Medical Ctr., Inc. and Dr. Lawrence Russell, oppose the motion (Rec. Doc. 405). For the following reasons, the motion to reconsider is **DENIED IN PART AND GRANTED IN PART.**

### *Findings of Fact and Conclusions of Law*

This diversity action was brought by plaintiffs to recover damages resulting from the unnecessary irradiation of Julia Paz's neck. The procedural history is recited in detail in the court's Ruling of Motion to Recover Rule 26 Deposition Fees (Rec. Doc. 390). Briefly, plaintiffs originally named Lourdes, Dr. Meza, Lammico Ins. Co., Romagosa Radiation Oncology Center, Dr. Andrew Harwood, Dr. Thomas Noell, Dr. Richard Russell, Chubb Ins. Co. and Dennis Vitrella. In an amended pleading, plaintiffs substituted Dr. Lawrence Russell for Richard Russell, and Federal Ins. Co. for Chubb. Federal Ins. Co. was dismissed on February 23, 2005

(Rec. Doc. 234). Dr. Noel, Dr. Harwood, and the Romagosa Center were voluntarily dismissed on January 5, 2006 (Rec. Doc. 278).

Judge Haik conducted a jury trial which concluded on May 30, 2006. The jury awarded plaintiffs a total of $200,000, finding Dr. Meza to be 50% at fault, Lourdes to be 45% at fault, and Dr. Russell to be 5% at fault. The court ultimately entered judgment in favor of plaintiffs and against Our Lady of Lourdes Regional Medical Center, Inc. and Dr. Lawrence Russell on June 19, 2008 (Rec. Doc. 382).

Plaintiffs seek reconsideration of the court's July 1, 2008 ruling denying their motion seeking reimbursement of $3,750.00 from respondents for the time[1] spent by plaintiffs' expert witness, Dr. Mark Mandelkern, in preparing for his deposition. In their motion for reconsideration, plaintiffs now seek for the *first* time reimbursement for an additional amount representing the time Dr. Mandelkern spent providing deposition testimony. Plaintiffs seek a total of $8512.50.[2]

### *Standards of Law under Rule 59*

The Federal Rules of Civil Procedure do not recognize a motion to reconsider *in haec verba*. *See* Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n. 14 (5th Cir.1994). The Fifth Circuit has held that a motion to reconsider a dispositive pretrial motion may be classified under either Rule 59 or Rule 60, depending upon the time of filing. Id. If the

---

[1] Plaintiffs detail the preparation time in the current motion: 12.5 hours of preparation and 2 hours with the court reporter to clarify spellings of medical terms. In their earlier motion, plaintiffs did not set out the time for Dr. Mandelkern's time with the court-reporter, simply seeking fees for 12.5 hours of preparation time. (Rec.Doc. 352-2).

[2] Rec. Doc. 403-3.

motion is filed within ten days of the court's judgment, a motion for reconsideration is treated as a Rule 59(e) motion "to alter or amend" the judgment. Id. If filed more than ten days after the judgment, a motion for reconsideration falls under Rule 60(b) as a motion for "relief from judgment."

The motion was filed after the entry of final judgment but within ten days of the undersigned's ruling. The undersigned will analyze plaintiffs' motion under Rule 59(e).[3]

The court has considerable discretion to grant or deny a motion under Rule 59(e). Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir.1993); Lavespere, 910 F.2d at 174. The court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." Bohlin, 6 F.3d at 355. It is well established that a party may not use Rule 59(e) to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the court order. *See* Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990).

**Ruling on Plaintiff's Motion for Rule 26 Deposition Fees**

The original ruling stated:

> Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under Title 28 U.S.C. §§ 1821 and 1920. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 332 (5th Cir. 1995). Rule 26(b)(4), upon which plaintiffs rely, offers an independent basis for recovery of expert fees as part of discovery. Id. Rule 26(b)(4)(C)(i) provides that, unless manifest injustice would result, courts shall require that the party seeking discovery pay the expert a reasonable

---

[3] The ruling was entered on July 1, 2008. According to Fed. R. Civ. Proc. Rule 6, the day of the act and weekends and legal holidays are not included in computing time delays that are less than ten days. Accordingly, the motion filed on July 16, 2008 was filed within ten days of the ruling.

fee for the time spent responding to discovery.[4] Compensating an expert for his deposition time is mandatory under Rule 26(b)(4)(C)(I), because it would be unfair to require one party to subsidize discovery for the opposing party. Royal Maccabees Life Ins. Co. v. Malachinski, 2000 WL 1377111, 5 (N.D. Ill. 2000) (citation omitted). The mandatory nature of this Rule is tempered by two limitations: 1) the costs may not be imposed if doing so would result in manifest injustice; and 2) the expert's fee must be reasonable. Id. (footnote, citation omitted).

Respondents argue that the rule does not allow for recovery of the time spent in preparing for the deposition, citing 3M Co. v. Kanbar, 2007 WL 2972921, 3 (N. D. Cal. 2007). In Kanbar, 3M sought recovery from a defendant, Rollit, LLC, for the time 3M's expert prepared for his deposition. The court refused recovery of the cost of the witness's deposition preparation time because the case was not "especially complex," the expert's deposition took a "modest" 2½ hours and there were no extenuating circumstances. A Utah state appellate court has addressed the Utah rule, which is identical to the federal rule. The court reviewed federal jurisprudence on the issue because there was little state jurisprudence. It concluded that the federal courts interpreting the rule are split on the issue, with a "slim majority," allowing recovery, as long as the recovered fees are reasonable. Moore v. Smith, 158 P.3d 562, 575 -576 (Utah App. 2007).

---

[4] Rule 26(b)(4) provides:

(A) Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(I) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

*(C) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:*
*(I) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and*
(ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed.R.Civ.P. 26(b)(4), (emphasis added).

5

In the instant case, it is unnecessary to address whether an award should be made for Dr. Mandelkern's deposition preparation because the plaintiffs' motion fails on two bases: First, the rule requires the court to assess the party *seeking the discovery*, which in this case is Dr. Harwood and the Romagosa Radiology Clinic.[5] Plaintiffs filed a motion for voluntary dismissal of Dr. Harwood and the Clinic on September 30, 2005 which was granted on January 5, 2006.[6] Plaintiffs suggest that, because Lourdes and Dr. Russell participated in the deposition, they should be assessed for his preparation time. Plaintiffs cite no jurisprudence to support their request, and the undersigned has found none. The rule expressly provides recovery from the party *seeking* the discovery. Moreover, the rule does not include any provision for spreading the fee assessment among all of the parties who attend the deposition. The undersigned finds, therefore, that respondents should not be assessed as they did not notice the deposition.

Secondly, the party seeking reimbursement of deposition fees bears the burden of proving reasonableness. New York v. Solvent Chemical Co., Inc., 210 F.R.D. 462, 468 (W.D.N.Y.2002). Plaintiffs seek recoupment of the fees in a conclusory fashion. They have not offered any evidentiary support, either by itemized statement or invoice. They have also failed to support their motion with any information regarding (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *See* Id. The undersigned, therefore, finds that plaintiffs have not carried their burden of proving reasonableness.

### *Plaintiffs' Motion to Reconsider*

Plaintiffs' arguments are directed at: 1) curing their failure to present evidence showing the Dr. Mandelkern's fees for preparation time were reasonable; 2) addressing whether respondents sought the discovery as required by the rule; and 3) whether fees for preparation time are reimbursable.

---

[5] Respondents have submitted a copy of the Notice issued by Dr. Harwood and Romagosa Radiology Clinic. Rec. Doc. 354-2.

[6] Rec. Docs. 261, 278. Dr. Harwood was on the jury verdict form; however, the jury found that he was not at fault. *See* Judgment, Rec. Doc. 349.

**Time Spent by Dr. Mandelkern in the Deposition**

In their motion to reconsider, plaintiffs now seek for the *first* time reimbursement for an amount representing the time Dr. Mandelkern spent providing deposition testimony. Rule 26(b)(4)'s requirement that the court must order the payment of a party's expert fees by the party seeking discovery is mandatory *except* in cases in which manifest injustice would occur. In this instance, the court must balance the Rule 26(b)(4)'s mandatory nature against the Fifth Circuit's policy that a party may not use Rule 59 to raise new arguments or present new evidence that could have been presented before.

Here, plaintiffs offer no reason for their delay in presenting this claim. Under these circumstances, the undersigned finds that it would be manifestly unjust to require respondents to reimburse plaintiffs for the deposition time of Dr. Mandelkern.

*Preparation Time*

As noted above, the party seeking the discovery must pay the expert "a reasonable fee for time spent in responding to discovery. . ." Rule 26(b)(4)(C)(i). Plaintiffs originally sought reimbursement for Dr. Mandelkern's preparation time, however, the motion was conclusory and unsupported. Rule 59 does not generally provide for reconsideration in such a case. However, considering the fact that plaintiffs at least raised this issue in the prior motion, and considering the mandatory nature of Rule 26(b), the court will reconsider whether respondents should be apportioned for Dr. Mandelkern's fees for deposition preparation.

I.   **Are fees recoverable under Rule 26(a)(2)(B) for preparation time?**

The court did not reach this issue in its ruling because plaintiffs did not support their motion. As noted in the previous ruling, courts are split on this issue with a slight majority

allowing reimbursement of preparation time. <u>Moore</u> *supra*, 158 P.3d at 575 -576. The undersigned concludes that preparation time should be allowed. In <u>Collins v. Village of Woodridge,</u> 197 F.R.D. 354, 357 (N.D. Ill.1999), the court decided that the better reading of Rule 26(b)(4)(C)(I) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert. The court observed that the drafters of the rule could have been clearer in expressing their intent, but that shifting the fee for deposition preparation is consistent with the overall purpose of Rule 26, as amended in 1993. In amending rule 26(b)(4), the Advisory Committee noted that concerns regarding the expense of expert depositions would be mitigated by the fact that the party taking the deposition would normally bear the expense of taking the deposition. The court noted that this reasoning would apply equally to the costs associated with deposition preparation. Based on the foregoing, the undersigned finds that reasoning set forth in <u>Collins</u> is persuasive and concludes that plaintiffs should be allowed reimbursement for reasonable fees associated with Dr. Mandelkern in preparing for his deposition.

**II**. **Who sought the discovery?**

The Rule states that the party seeking discovery is liable for the costs. Respondents argue that the Rule should be strictly construed and that plaintiffs should seek recovery from Dr. Harwood because he noticed the deposition. Plaintiffs argue for the first time that *all defendants sought* the discovery because they all participated in the deposition, whether or not Dr. Harwood alone noticed it.

The Advisory Committee's comments, as illustrated by the <u>Collins</u> court, note that the costs of the deposition would normally be borne by the party taking the deposition. Plaintiff

submits evidence that all defendants took the deposition. The undersigned concludes that a common-sense reading of the Rule, as well as the Advisory Committee comments, would require all parties who participate in deposing an expert witness to equally bear the costs of the discovery – not just the noticing party.

**III. Who should pay for Dr. Mandelkern's Preparation Fees?**

The question remains whether respondents, as the defendants cast in judgment, should alone bear the cost. The undersigned notes that plaintiffs could have filed their motion during discovery, after discovery had concluded or after the trial had concluded. A Tenth Circuit Court of Appeals decision makes clear that it is *not* necessary to wait until after a trial has been conducted to recoup costs:

> Rule 26(b)(4)(C) itself does not specify whether or when a party must demand payment of fees to its expert. However, the advisory committee notes to the rule provide that "[t]he court may issue the latter order [to pay fees and expenses that a party incurs in obtaining information from an expert] as a condition of discovery, or it may delay the order until after discovery is completed." Fed.R.Civ.P. 26(b)(4)(C) (Notes of Advisory Committee on Rules to 1970 Amendment). Pursuant to that authorization, courts have awarded fees under Rule 26(b)(4)(C) after trial. *See, e.g.*, Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 336 (5th Cir.), *cert. denied*, 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995); Chambers v. Ingram, 858 F.2d 351, 360-61 (7th Cir.1988).

Ellis v. United Airlines, Inc., 73 F.3d 999, 1011 (10th Cir. 1996). In a Seventh Circuit decision, like the matter at hand, when the motion was considered, only one defendant remained in the case, the other having settled. The court remanded the case, noting:

> However, at the time Dr. Schwarz' deposition was taken, Dr. Ali was still a defendant in this case. Accordingly, in considering Mr. Chambers' request for costs under Rule 26(b)(4)(C), the district court should consider not only whether $1,500 is an appropriate amount but also whether the entire cost should be borne solely by Dr. Ingram.

Chambers v. Ingram, 858 F.2d 351, 361 (7th Cir. 1988).

Likewise, this court must decide whether the entire cost should be borne by respondents or simply their pro-rata share. The undersigned concludes that it would be manifestly unjust to require respondents to bear the entire amount of reasonable preparation fee. As noted, plaintiffs could have moved for reimbursement earlier when all of the defendants were in the case. Secondly, it would be inconsistent to require respondents alone to bear the entire fee assessment when plaintiffs strenuously argue that *all* of the defendants sought the discovery. Accordingly, the undersigned finds that respondents should bear only their pro-rata share.

### III. Was the preparation time spent by Dr. Mandelkern reasonable?

Plaintiffs seek reimbursement for the 12.0 hours Dr. Mandelkern spent preparing for his deposition. Respondents object that 12.0 hours is excessive given Dr. Mandelkern's "limited role in explaining radiation therapy."[7] Respondents ignore the fact that defendants questioned Dr. Mandelkern for approximately 8 of the 10 hours spent in the deposition. The undersigned concludes that the requested preparation time, representing Dr. Mandelkern's time spent reviewing medical records, depositions of treating physicians, the transcript of medical review panel proceedings, textbooks, and peer review articles, is reasonable.

Plaintiffs also seek recovery of the 2.5 hours spent by Dr. Mandelkern going over the court reporter's spelling of medical terms. Surely Dr. Mandelkern was the only person who could accurately identify the specific medical terms he utilized during the deposition, ergo, the court does not find this to be a clerical task; rather it was necessary in order to have a reliable transcript. The undersigned concludes that the full 14.5 hours is reasonable.

---

[7] Rec. Doc. 405 at 2.

Respondents do not dispute the reasonableness of Dr. Mandelkern's hourly fee. The undersigned concludes his hourly fee of $300.00 is reasonable.

## IV. What amount should respondents pay?

The deposition was scheduled on November 17, 2004 for January 17, 2005. Counsel Charles Boudreaux, John Powers Wolff, III, Patrick Wartelle, Ry Tuten, and Stacy Kennedy were invoiced for the deposition. Counsel representing the defendants were as follows:

| ATTORNEY | PARTY REPRESENTED |
| --- | --- |
| Patrick Wartelle | Dennis Vitrella<br>Our Lady of Lourdes Regional Medical Center, Inc.<br>Lawrence T. Russell |
| Ry Tuten | Luis Meza<br>Lammico Ins. Co. |
| Charles J. Boudreaux, Jr. | Romagosa Radiation Oncology Ctr.<br>Dr. Andrew Harwood |
| Stacy N. Kennedy | Thomas Noell |
| John Powers Wolff, III | Federal Ins. Co. |

Nine defendants participated in the deposition. Thus, Lourdes and Dr. Russell will be required to pay one-ninth of the deposition preparation fees, or 1/9th of 14.5 hours at $300 per hour or $483.33.

### *Conclusion*

For the foregoing reasons the undersigned concludes that respondents Dr. Russell and Lourdes shall *each* pay to plaintiffs a sum of $483.33. which represents their pro-rata share of the time spent by Dr. Mandelkern preparing for the deposition. Accordingly,

**IT IS HEREBY ORDERED** that respondents shall submit payment in the full amount within thirty (30) days of this date.

Signed at Lafayette, Louisiana, on May 19, 2009.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)